ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 16 2018

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

UNITED STATES OF AMERICA

v.  No.: 4:18-CR-082-Y

YOUSEF HENDI (01)

## PLEA AGREEMENT WITH WAIVER OF APPEAL

Yousef Hendi, the defendant, Stephen Gordon, the defendant's attorney, and the United States of America (the government), agree as follows:

1.  **Rights of the defendant:** The defendant understands that he has the rights

    a.  to plead not guilty;

    b.  to have a trial by jury;

    c.  to have his guilt proven beyond a reasonable doubt;

    d.  to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.  against compelled self-incrimination.

2.  **Waiver of rights and plea of guilty:** The defendant waives these rights and pleads guilty to the offenses alleged in the Superseding Information, which charges two counts of Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a). The defendant understands the nature and elements of the crimes to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose for each count include:

    a. a term of imprisonment for not less than fifteen (15) years and not more than thirty (30) years per count, for a maximum term of not less than thirty (30) years and not more than sixty (60) years;

    b. a fine up to the amount of $250,000, for a maximum total of $500,000; or twice the pecuniary gain or twice the pecuniary loss, per count;

    c. a term of supervised release of five (5) years up to any term of years to life for each count. If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement. Also, in a revocation of multiple counts, the Court may run sentences consecutively;

    d. mandatory special assessment of $200.00;

    e. restitution to victims or to the community, which may be mandatory under the law; and

    f. additionally, unless the Court finds the defendant to be indigent, a mandatory special assessment of $5000 for each count must also be imposed pursuant to 18 U.S.C. § 3014 for offenses occurring on or after May 29, 2015

4. **Court's sentencing discretion and role of the Guidelines:** The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw his plea if his sentence is higher than expected. The defendant fully understands that the actual

sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Defendant's cooperation**: The defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. The government will advise the Court of the extent of the defendant's cooperation.

6. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to his plea of guilty.

7. **Destruction of property**: The defendant waives and abandons any and all right, title, claim or interest, he may have in all property seized from his home during the investigation of the defendant leading to the Information in this case, which is specifically listed below:

   a. Samsung SM-G920V, IMEI: 990007038984115;
   b. Apple iPhone 6 Plus, s/n F9CRM1E165QQ;
   c. HP Chromebook, s/n SCD44237ZX;
   d. Hitachi Hard Drive, s/n LJHM0L4A;
   e. Asus Tablet Model K010;
   f. Samsung Tablet Model SM-T230NU;
   g. Amazon Kindle Fire, s/n p48wyb4;
   h. Western Digital External HD, s/n WXH1A66R37FL;
   i. Western Digital HD, s/n WCASY8376016; and
   j. 23 cellular phones of assorted make and model.

Defendant affirms that no other person has an interest in the listed property and agrees that the government may destroy or otherwise dispose of such property, including but not limited to any and all images, files, documents or other information that may be

electronically stored on or within the listed property, at its discretion. The defendant agrees there was reasonable cause for the seizure of the subject property and releases, holds harmless, and forever discharges the government, its officers, agents, servants, and employees, its heirs, successors, or assigns, or any state or local authorities, either in their official or individual capacities, from any and all claims, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, and/or demands whatsoever in law or equity that the defendant and his heirs, successors, or assigns ever had, now have, or may have in the future, in relation to the subject property. The defendant further agrees that he will not seek costs or attorney fees in connection with the seizure, abandonment, or destruction of the subject property.

8. **Violation of agreement:** The defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. The defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, the defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12. **Limitation of Agreement:** This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

13. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 10th day of April, 2018.

YOUSEF HENDI
Defendant

ERIN NEALY COX
UNITED STATES ATTORNEY

AISHA SALEEM
Assistant United States Attorney
Texas State Bar No. 00786218
801 Cherry Street, Unit #4
Burnett Plaza, Suite 1700
Fort Worth, TX 76102-6897
Telephone: 817.252.5200
Facsimile: 817.252.5455

STEPHEN GORDON
Attorney for Defendant

ALEX LEWIS
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

YOUSEF HENDI                    5/16/18
                                Date

Plea Agreement (Hendi) - Page 6

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____  4/9/18
STEPHEN GORDON                   Date
Attorney for Defendant