# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number:  4:18-CR-00082-Y(1) |
|  | Aisha Saleem, assistant U.S. attorney |
| YOUSEF HENDI | Stephen E. Gordon, attorney for the defendant |

On May 16, 2018, the defendant, Yousef Hendi, entered a plea of guilty to counts 1 and 2 of the two-count superseding information.  Accordingly, the defendant is adjudged guilty of such counts, which involve the following offenses:

| **TITLE & SECTION** | **NATURE OF OFFENSE** | **OFFENSE CONCLUDED** | **COUNT** |
|---|---|---|---|
| 18 U.S.C. § 2251(a) & (e) | Sexual Exploitation of Children | November 28, 2016 | 1 |
| 18 U.S.C. § 2251(a) & (e) | Sexual Exploitation of Children | June 1, 2017 | 2 |

The defendant is sentenced as provided in pages two through four of this judgment. The sentence is imposed under Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission under Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $200.00 for counts 1 and 2 of the two-count superseding information.

The defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed November 1, 2018.

_/s/ Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Signed November 2, 2018.

Case 4:18-cr-00082-Y   Document 50   Filed 11/02/18   Page 2 of 4   PageID 164
Judgment in a Criminal Case
Defendant:  Yousef Hendi
Case Number:  4:18-CR-00082-Y(1)                                                                               Judgment -- Page **2** of **4**

# IMPRISONMENT

The defendant, Yousef Hendi, is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 240 months on count 1, and 240 months as to count 2, to run consecutively to each other, for a total of **480 months.**

The defendant is remanded to the custody of the United States marshal.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of ten years on count 1 and ten years as to count 2, to run concurrently with each other, for a total term of 10 years. The Court imposed a term of supervised release because it is required by statute, and it will provide an added measure of deterrence and protection based on the facts and circumstances of this case.

Pursuant to 18 U.S.C. §3583(d), as a condition of supervised release upon the completion of the sentence of imprisonment, the defendant shall be surrendered by the Federal Bureau of Prisons to a duly authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. §§1101 *et seq*.  As a condition of supervised release, if ordered deported, the defendant shall remain outside the United States.

If the defendant is not deported immediately upon release from imprisonment, or should the defendant ever be within the United States during any portion of the term of supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission the defendant shall:

( 1) not leave the judicial district without the permission of the Court or probation officer;
( 2) report to the probation officer in a manner and frequency directed by the Court or probation officer;
( 3) answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4) support the defendant's dependents and meet other family responsibilities;
( 5) work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6) notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7) refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8) not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9) not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11) notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12) not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
(13) notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

  not possess illegal controlled substances;

  not possess a firearm, destructive device, or other dangerous weapon;

  cooperate in the collection of DNA as directed by the probation officer;

  report in person to the probation office in the district to which the defendant is released from the custody of the Federal Bureau of Prisons, or in which the defendant makes entry into the United States, within 72 hours of release or entry;

  not illegally re-enter the United States, if deported, removed, or allowed voluntary departure;

  have no contact with the victim(s), including correspondence, telephone contact, or communication through third parties except under circumstances approved in advance by the probation officer and not enter onto the premises, travel past, or loiter near the victims' residences, places of employment, or other places frequented by the victims;

  participate and comply with the requirements of the Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount not to exceed $40 per month. The defendant shall consent to the probation officer's conducting ongoing monitoring of his/her computer/computers. The monitoring may include the installation of hardware and/or software systems that allow evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in any way. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. At the discretion of the probation officer, the monitoring software may be disabled or removed at any time during the term of supervision; and

  neither possess nor have under his/her control any pornographic matter or any matter that sexually depicts minors under the age of 18 including, but not limited to, matter obtained through access to any computer and any matter linked to computer access or use.

  The mandatory drug testing provision of the 1994 crime bill does not apply in this case, because all reliable sentencing information indicates a low risk of future substance abuse. Therefore, the mandatory drug testing condition is not imposed.

## FINE/RESTITUTION

  The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

  Restitution is not ordered because no restitution has been requested by the identified victims in this case.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

   Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                                                      _____
                                                                                      United States marshal

                                                                                      BY _____
                                                                                                      deputy marshal